UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL JACKSON, )
)
       Plaintiff, )
) Judge Joan B. Gottschall
       v. )
) Case No. 11 C 7402
FAIRMONT HOTEL, )
)
       Defendant. )

## MEMORANDUM OPINION & ORDER

Defendant Fairmont Hotel ("Fairmont") has moved to dismiss Counts I and II of Plaintiff Michael Jackson's complaint for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); in the alternative, Fairmont has requested a more definite statement under Rule 12(e). For the reasons stated below, the court denies the motion in its entirety.

### I. BACKGROUND

On October 19, 2011, Plaintiff Michael Jackson filed this action against Fairmont, his former employer. Jackson had been employed as a bellman and bartender at Fairmont for twelve years. On June 23, 2007, Jackson underwent a blood alcohol test at Fairmont's behest—apparently, management claimed that he smelled of alcohol—and the test revealed a blood alcohol content ("BAC") of 0.007. According to Jackson, this BAC is below the 0.050 BAC that is considered to be a "positive" test. Jackson also states that many employees told him on the day in question that he did not smell of alcohol. In any event, on July 2 or July 3, 2007, Jackson was terminated by Fairmont for allegedly being under the influence of alcohol on June 23, 2007. The decision to terminate, which was

made by Acting Human Resources Manager Haromy Oki, took place shortly after Jackson had "gone to the hospital for evaluation for depression and alcohol evaluation." (*See* Compl. at 4, 6.) In Count I, Jackson, who is black and HIV-positive, alleges that his termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.[1] He also alleges that his termination violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Count II focuses upon his HIV-positive status, whereas Count III addresses the "erroneous perception" that he was an alcoholic. Fairmont has now moved to dismiss Counts I and II of Jackson's complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint if it "fail[s] to state a claim for which relief can be granted." The court must accept all facts pleaded in the complaint as true, and must draw all reasonable inferences in the plaintiff's favor. *INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 497 (7th Cir. 2009). In general, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Rule 8(a)), with sufficient facts to put the defendant on notice "of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation mark omitted) (alterations in original). To survive a motion to dismiss under Rule 12(b)(6), the complaint need not present particularized facts, but "demands more than an unadorned,

---

[1] Count I is broadly captioned "Race Discrimination," although it only makes specific reference to Title VII; in the "Nature of the Claim" section, however, Jackson mentions both 42 U.S.C. § 1981 and Title VII as amended by the Civil Rights Act of 1991. For the reasons discussed below, he provides a sufficient factual basis to state both of these claims, which is all that is required at this stage. *See Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) ("Litigants need not plead legal theories.").

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*, 550 U.S. at 555).

### III. ANALYSIS

Fairmont has moved to dismiss both Counts I and II of Jackson's complaint. The two counts are nearly identical, differing only as to whether Jackson's termination was motivated by his race or his disability status, and will be treated together. Fairmont argues that Jackson's complaint cannot support his claim that his termination was discriminatory because the allegations in the complaint are merely "conclusory" and "threadbare."[2] The court disagrees. The complaint alleges numerous specific facts that provide Fairmont with fair notice of "what the claim is and the grounds on which it rests." *Concentra Health Servs., Inc.*, 496 F.3d at 779. For instance, Jackson provides the date and results of the alcohol BAC test, the date of Jackson's termination, the identity of the relevant decisionmaker, Jackson's race and disability status, as well as allegations that, taken as true, suggest that the reasons provided for Jackson's termination were pretextual: (1) four of Jackson's co-workers "clearly informed [him] that he did not smell of alcohol as management alleged," and (2) the short period of time between the date of the alcohol test and Jackson's hospital evaluation for depression and alcohol. The only potential issue appears to be Jackson's general allegations that "[n]on-race Black employees" and "[n]on-disabled co-workers" were "not subjected to unwarranted and false charges of being under the influence of alcohol and then terminated." But greater specificity is not required. "[A] plaintiff alleging employment discrimination on the basis

---

[2] Fairmont correctly notes that the cases cited in Jackson's Memorandum of Law in Support of his Response to Defendant's Motion to Dismiss are not on point given the Supreme Court's clarification of the pleading standard in *Bell Atlantic* and *Iqbal*; however, Jackson's citation of inapposite case law does not negate the fact that the allegations in his Complaint are sufficient under the pleading standard expounded in those cases.

of race . . . may allege the defendant's intent quite generally: 'I was turned down for a job because of my race' is all a complaint has to say.'" *Concentra Health Servs., Inc.*, 496 F.3d at 781 (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). Racial discrimination is not a rarefied or complex charge: "a defendant responding to an allegation of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim . . . ." *Id.* at 782. The same holds true for discrimination based on disability status. It is not necessary, and may not be possible, for Jackson to have identified specific similarly situated comparators at this stage.

Fairmont's Memorandum of Law in Support of its Motion to Dismiss Counts I and II also requests that the court order Jackson to make a more definite statement, presumably pursuant to Rule 12(e), in the event that Jackson's claims are not dismissed. Because Counts I and II of Jackson's complaint include the "specific, identifiable alleged actions and incidents of discrimination" that Fairmont requested, no more definite statement is necessary. (*See* Mem. in Supp. of Mot. to Dismiss at 5.)

### IV. CONCLUSION

For the reasons stated above, Fairmont's motion to dismiss or, alternatively, for a more definite statement is denied. Fairmont shall answer Counts I and II by June 15, 2012, and the parties shall appear for a status hearing on June 19, 2012 at 9:30 a.m.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 1, 2012